[No. 70735-9.   En Banc.]
Argued October 25, 2001.   Decided March 28, 2002.

THE STATE OF WASHINGTON, *Respondent*, v. JESSE LEE RODGERS, *Petitioner*.
THE STATE OF WASHINGTON, *Petitioner*, v. EDDIE JAMES LOCKLEAR, *Respondent*.

*Kevin R. Cole* (of *Griffith & Cole, P.L.L.C.*) and *Linda J. King*, for petitioner Rodgers and respondent Locklear.

*Gerald A. Horne, Prosecuting Attorney*, and *John C. Hillman, Michael L. Sommerfeld*, and *Kathleen Proctor, Deputies*, for the State.

ALEXANDER, C.J. — At the conclusion of a bench trial in Pierce County Superior Court, the trial judge found codefendants Eddie James Locklear and Jesse Lee Rodgers each guilty of violating RCW 9A.36.045, the crime of drive-by shooting. The stipulated facts that were presented to the trial court at Locklear's and Rodgers' joint trial revealed that the criminal enterprise that ultimately led to their conviction had its inception when Julie Ishaq enlisted the defendants to "shoot up" the home of Locklear's former girl friend, Celia Vela. Clerk's Papers (Locklear) at 45. In furtherance of this plan, Ishaq drove Locklear and Rodgers to the "area of town" where Celia Vela lived, parking her car two blocks from Vela's home. *Id.* Locklear and Rodgers then

got out of Ishaq's car, armed with a .12 gauge shotgun and a .30-30 caliber rifle, and walked the two blocks to Vela's house. From that location they each "intentionally fired several shots into the Vela household." *Id.* at 46. Following the shooting Rodgers and Locklear ran back to Ishaq's parked car. Ishaq then drove the "vehicle away carrying the shooters and the firearms used in the crime." *Id.* The stipulated facts were adopted by the trial court and reduced to findings of fact. Based on these facts, the trial court concluded that Locklear and Rodgers each discharged a firearm from the "immediate area" of the vehicle driven by Ishaq. *Id.* at 47.

Although Locklear and Rodgers separately appealed their convictions to the Court of Appeals, Division Two, that court consolidated their appeals. The trial court's findings of fact were not challenged on appeal. Following argument, the Court of Appeals vacated Rodgers' conviction in an order in which it concluded that Rodgers had not been charged with any crime. Pet. for Review App. A. In doing so, the Court of Appeals noted that the State had initially charged Ishaq, Locklear, and Rodgers with drive-by shooting but later amended the information to allege that only Locklear committed the crime. The Court of Appeals also observed in its order that "the State conceded that it had not alleged a valid charge against Rodgers." *Id.* at 2. The Court of Appeals reversed Locklear's conviction concluding that the drive-by shooting statute was unconstitutionally vague as applied to the facts of the case.

We granted the State's petition to review the Court of Appeals decision reversing Locklear's conviction. We also granted Locklear's cross-petition for review in which he contended that the Court of Appeals erred in not considering his challenge to the sufficiency of the evidence to support the conviction and in not remanding to the trial court for an order dismissing the drive-by shooting charge. In addition, we granted Rodgers' petition for review in which he contends that the Court of Appeals erred in declining to consider his arguments that the evidence was

insufficient to support his conviction and that the statute was unconstitutional as applied to him.[1]

We affirm the Court of Appeals decision in *State v. Rodgers*, concluding that it did not err in declining to consider Rodgers' arguments that the evidence was insufficient to support his conviction and that the drive-by shooting statute was unconstitutionally applied. In *State v. Locklear*, we conclude that the Court of Appeals erred in not remanding to the trial court to dismiss Locklear's conviction based on insufficiency of the evidence.

## ANALYSIS

### A. Rodgers

■ Rodgers asserts that because his conviction for drive-by shooting was merely vacated, the State is not precluded from recharging him with that offense. He contends, therefore, that the Court of Appeals erred in not addressing his challenge to the sufficiency of the evidence upon which his conviction was based. The flaw in this argument is that Rodgers was not validly charged with drive-by shooting because the amended information did not contain an allegation that he committed the offense. Indeed, that holding of the Court of Appeals has not been assailed by Rodgers. Because Rodgers was not charged with the offense of drive-by shooting, the Court of Appeals was justified in concluding that the subject matter jurisdiction of the court had not been invoked and that Rodgers' conviction, should, therefore, be vacated. Having properly dismissed the charge for that reason, the Court of Appeals was correct in not going further to reach Rodgers' argument that the evidence supporting his conviction on the uncharged offense was insufficient. In short, a court may not

---

[1] On direct review, Rodgers claimed that the charging document was defective, the drive-by shooting statute was unconstitutional as applied to the facts of the case, and that the evidence was insufficient to support his conviction. Although, as we noted above, the Court of Appeals reversed Rodgers' conviction on the basis that the amended information failed to charge him with a crime, it declined to address his additional claims.

consider a challenge to the sufficiency of the evidence supporting a conviction for an offense that was not validly charged.

In the event that the State should charge Rodgers with drive-by shooting and obtain a conviction based on evidence that is consistent with the aforementioned stipulated facts, he is, of course, free to reassert his challenge to the sufficiency of the evidence as well as any claim he may have that his rights under the United States and Washington Constitutions to not be tried twice for the same offense have been violated.

## B. Locklear

Locklear's contention is that the Court of Appeals erred in reversing his conviction on constitutional grounds rather than for insufficiency of the evidence. His position, in this regard, is significantly different from that of Rodgers' because Locklear was properly charged in the amended information with the crime of drive-by shooting. The Court of Appeals' failure to address his sufficiency of the evidence claim, he argues, deprives him of "his just remedy on appeal." Br. of Cross Pet'r at 8.

██ If the evidence against Locklear was not sufficient to support the trial court's conclusion that he was guilty of drive-by shooting, then he is correct in asserting that the Court of Appeals erred in not addressing the issue. That is so because "[i]f there is insufficient evidence to support a conviction, the Double Jeopardy Clause requires reversal and remand for judgment of dismissal with prejudice." Br. of Cross Pet'r at 5 (citing *Burks v. United States*, 437 U.S. 1, 17-18, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)). Furthermore, it is a well-established rule of judicial restraint that the issue of the constitutionality of a statute will not be passed upon if the case can be decided without reaching that issue. *State v. Peterson*, 133 Wn.2d 885, 894, 948 P.2d 381 (1997) (Talmadge, J., concurring). A challenge to the sufficiency of the evidence to support a conviction is obviously not a challenge to the constitutionality of the statute.

■ ■ As we have observed above, the facts in *State v. Locklear* were all set forth in a stipulation that was agreed to by the State and Locklear and these facts were adopted by the trial court in its findings of fact. As noted above, these findings of fact are unchallenged. When findings of fact are unchallenged, they are verities on appeal. *City of Seattle v. Muldrew*, 69 Wn.2d 877, 878, 420 P.2d 702 (1966). Notwithstanding the absence of a challenge to findings of fact, when the sufficiency of the evidence is challenged the appellate court must still determine whether the unchallenged findings of fact support the trial court's conclusions of law. *State v. Aitken*, 79 Wn. App. 890, 893, 905 P.2d 1235 (1995).

■ ■ RCW 9A.36.045(1) defines the crime of drive-by shooting as a reckless discharge of a firearm

> in a manner which creates a substantial risk of death or serious physical injury to another person and the discharge is either from a motor vehicle or from the immediate area of a motor vehicle that was used to transport the shooter or the firearm, or both, to the scene of the discharge.

Neither "immediate area" nor "scene" of discharge is defined in the statute. *State v. Locklear*, 105 Wn. App. 555, 557, 20 P.3d 993 (2001).

It is apparent from the stipulation and the trial court's findings of fact that Locklear did not discharge a firearm from a moving or parked vehicle. Indeed, the trial court made no such conclusion. The more pertinent question is whether the findings are sufficient to support the trial court's conclusion that Locklear discharged a firearm from the "immediate area" of Ishaq's vehicle. If Locklear's culpability could be established merely by showing that he discharged a firearm from the "area" of Ishaq's motor vehicle or from the "area of town" that her vehicle was located in, then it might be said that the evidence supports Locklear's conviction. The drive-by shooting statute is, however, more narrowly drawn and requires the State to produce evidence that the firearm was discharged by the defendant from the "immediate area" of the vehicle which

transported the shooter. It seems obvious that one is not in the immediate area of a vehicle that is parked two blocks away from the place where that person discharges a firearm. That is the case we have here and, thus, we have no difficulty saying that the evidence is insufficient to support the trial court's conclusion of law that Locklear was guilty of drive-by shooting. In making this determination, we find it helpful to accord the term "immediate" its dictionary definition, which *Webster's Third New International Dictionary* defines as "existing without intervening space or substance . . . being near at hand: not far apart or distant." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1129 (1986). Similarly, *Black's Law Dictionary* defines "immediate" as "[n]ot separated in respect to place; not separated by the intervention of any intermediate object." BLACK'S LAW DICTIONARY 749 (6th ed. 1990).

In sum, we are satisfied that the trial court's findings of fact do not support its conclusion that Locklear was in the "immediate area" of Ishaq's motor vehicle when he discharged a firearm into Vela's house. Thus, his conviction for drive-by shooting cannot stand. Having said that, we quickly add that Locklear's acts were reprehensible and undoubtedly contravene other statutes not before this court. His acts do not, however, run afoul of the statute on which the charge against him was based. In our view, the legislature aimed this relatively new statute[2] at individuals who discharge firearms from or within close proximity of a vehicle. Undoubtedly, it was concerned that reckless discharge of a firearm from a vehicle or in close proximity to it presents a threat to the safety of the public that is not adequately addressed by other statutes. A person discharging a firearm two blocks away from a vehicle cannot be said to be in close proximity to that vehicle. To conclude otherwise would be akin to attempting to shove a square peg into a round hole—it does not fit.

---

[2] RCW 9A.36.045 achieved its present form in 1997. LAWS OF 1997, ch. 338, § 44.

## CONCLUSION

For reasons stated above, we conclude that there was insufficient evidence to support the trial court's conclusion that Locklear was guilty of drive-by shooting. We, therefore, affirm the Court of Appeals reversal of his conviction for reasons other than those enunciated by the Court of Appeals, and remand to the trial court to dismiss the drive-by shooting charge. We affirm the Court of Appeals decision vacating Rodgers' conviction.

SMITH, JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and OWENS, JJ., concur.