154 P.3d 302 (2007)
STATE of Washington, Respondent,
v.
Eric Joseph BROWN, Appellant.
No. 33633-2-II.
Court of Appeals of Washington, Division 2.
March 20, 2007.
Jodi R. Backlund, Manek R. Mistry, Backlund & Mistry, Olympia, WA, for Appellant.
Jeremy Richard Randolph, Attorney at Law, Chehalis, WA, for Respondent.
HOUGHTON, C.J.
¶ 1 Eric Brown appeals his conviction of one count of intimidating a judge. He claims that the trial court committed instructional *303 error by defining "threat" as outlined in RCW 9A.04.110(26)(a)[1] and not providing the jury with an additional definition of a "true threat." He also claims that he received ineffective assistance of counsel and that insufficient evidence supported his conviction. Because we hold that insufficient evidence supported deciding that Brown made a threat of future actions, we reverse his conviction and remand to dismiss the case with prejudice.[2]

FACTS
¶ 2 On April 27, 2004, a Centralia municipal court judge sentenced Brown for driving under the influence (DUI). The Department of Licensing later suspended Brown's license because of outstanding fines associated with this conviction.
¶ 3 On May 12, 2005, Brown called a collection agency to discuss how he could pay his outstanding fines and reinstate his suspended driver's license. While speaking with a collections officer, he said he was upset about his DUI conviction and believed that the sentencing judge "was hard on him" and was the reason "why he was in this mess." I Report of Proceedings (RP) at 17, 16.
¶ 4 Brown told the collections officer that he recently tried to shoot himself "but the bullet didn't go off" and then he shot "four bullet holes" in the wall. I RP at 16. He also said "he could see [the sentencing judge's] door from his front porch and that the judge could see his door, and that he had seen not only the judge but also his wife and his kids out in the front lawn, and had thought about shooting them before." I RP at 16. The collections officer reported the incident to her supervisor, who in turn notified the police.
¶ 5 On May 13, the State charged Brown with one count of intimidating a judge.[3] During a jury trial on the charge, the collections officer related Brown's statements. She said that based on his tone, she believed that his statements were not something "he was just shouting out because he was angry or upset at that time" but, rather, "something that he had thought about before [she] had spoken with him." I RP at 18. Nothing in the record indicates that Brown intended for his comments to be relayed to the judge.
¶ 6 The trial court instructed the jury, "Threat means to communicate, directly or indirectly, the intent to cause bodily injury in the future to the person threatened or to any other person." 1st Supp. CP at 22. Brown did not submit an additional instruction defining "true threat." The jury found Brown guilty as charged. He appeals.

ANALYSIS

SUFFICIENCY OF THE EVIDENCE
¶ 7 Brown argues that insufficient evidence established that he intended to cause bodily harm in the future. We agree.
¶ 8 In order to convict Brown of intimidating a judge, the State had to prove that he (1) directed a threat to a judge and (2) made the threat because of a ruling or decision of the judge in any official proceeding. RCW 9A.72.160(1). Although the First Amendment generally prohibits government interference with speech or expressive conduct, it does not protect certain types of speech, such as "true threats." State v. Knowles, 91 Wash.App. 367, 373, 957 P.2d 797 (1998).
*304 ¶ 9 A "true threat" is a statement made "`in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted . . . as a serious expression of an intention to inflict bodily harm upon or to take the life of [another individual].'" State v. Johnston, 156 Wash.2d 355, 360-61, 127 P.3d 707 (2006) (quoting United States v. Khorrami, 895 F.2d 1186, 1192 (7th Cir.1990)) (internal quotation marks omitted). "Threat" for purposes of Brown's conviction meant "to communicate, directly or indirectly the intent . . . [t]o cause bodily injury in the future to the person threatened or to any other person." RCW 9A.04.110(26)(a).
¶ 10 Brown claims that his statements about harming the judge and his family were only past thoughts of violence, which could not establish "any intent to cause bodily injury in the future." Appellant's Br. at 10. Whether he intended to carry out the threat is irrelevant, as our Supreme Court has said that in order to show a "true threat" for First Amendment purposes, the State need not prove a defendant actually intended to carry out the threat. Kilburn, 151 Wash.2d at 48, 84 P.3d 1215. Instead, the relevant constitutional question is "whether there is sufficient evidence that a reasonable person in [the defendant's] position would foresee that his comments would be interpreted as a serious statement of intent to inflict serious bodily injury or death." Kilburn, 151 Wash.2d at 48, 84 P.3d 1215.
¶ 11 Although Brown's statements alarmed the collections officer, he expressed only past thoughts about harming the judge and the judge's family and the ability to see them from his house. He did not express thoughts of harming the judge or the judge's family in the future or about having a plan to do so. These facts suggest that a reasonable person in Brown's position would not foresee that his comments would be interpreted as a serious statement of intent to inflict serious bodily injury or death. An opposite finding would ostensibly criminalize his previous thoughts, which we will not do. The State has presented insufficient evidence to establish his statements amounted to a "threat" as defined in RCW 9A.04.110(26)(a).
Accordingly, we reverse Brown's conviction and remand to dismiss the case with prejudice. See State v. Rodgers, 146 Wash.2d 55, 60, 43 P.3d 1 (2002) (where the evidence is insufficient to support a conviction, the Double Jeopardy Clause requires reversal and remand for judgment of dismissal with prejudice).
We concur: ARMSTRONG, and HUNT, JJ.
NOTES
[1] RCW 9A.04.110 was amended by Laws of 2005, ch. 458, § 3, which included renumbering section (25) to (26). We refer to section (26) in this opinion.
[2] Because we reverse Brown's conviction due to insufficient evidence, we do not reach his claims of instructional error and ineffective assistance of counsel.
[3] A violation of RCW 9A.72.160, which states in part:

(1) A person is guilty of intimidating a judge if a person directs a threat to a judge because of a ruling or decision of the judge in any official proceeding, or if by use of a threat directed to a judge, a person attempts to influence a ruling or decision of the judge in any official proceeding.
(2) "Threat" as used in this section means:
(a) To communicate, directly or indirectly, the intent immediately to use force against any person who is present at the time; or
(b) Threats as defined in RCW 9A.04.110[(26)].