FILED
COURT OF APPEALS
DIVISION II

2015 APR 28 AM 8: 38

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46335-1-II |
| Respondent, | |
| v. | |
| QUINTIN ANTONIO DUBLIN, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Quintin Dublin appeals his convictions for two counts of second degree criminal mistreatment. The State concedes that the charging documents were defective. We accept the concession, and we reverse and dismiss Dublin's second degree criminal mistreatment convictions without prejudice.

## FACTS

On November 7, 2013, the State charged Dublin with two counts of second degree abandonment of a dependent person, two counts of second degree criminal mistreatment, and two counts of reckless endangerment. The information for the criminal mistreatment charges alleged that Dublin "recklessly create[d] an imminent and substantial risk of death or great bodily harm," but did not allege that he did so by withholding any of the basic necessities of life. Clerk's Papers at 2. The State filed an amended information dismissing the two reckless endangerment counts, which contained the same allegations for the criminal mistreatment charges.

After a bench trial, the trial court convicted Dublin on the two criminal mistreatment counts but acquitted him on the two abandonment counts. Dublin appeals.

ANALYSIS

Dublin argues that the information and amended information were defective for failing to include essential elements of the crime of criminal mistreatment as defined by RCW 9A.42.030(1). The State concedes that the charging documents were defective, and we agree.

An information must state all the essential elements of a crime in order to give notice to the accused of the nature of the charges. *State v. Zillyette*, 178 Wn.2d 153, 158, 307 P.3d 712 (2013). An essential element is one that is necessary to establish the very illegality of the behavior charged. *Id.*

RCW 9A.42.030(1) states that a parent or other person with responsibility for a child is guilty of criminal mistreatment in the second degree if he or she recklessly "either (a) creates an imminent and substantial risk of death or great bodily harm, or (b) causes substantial bodily harm by withholding any of the basic necessities of life." In *State v. McGary*, we held that the phrase "by withholding any of the basic necessities of life" applies to both subsection (a) and subsection (b). 122 Wn. App. 308, 312-17, 93 P.3d 941 (2004). As a result, we further held that an information alleging second degree criminal mistreatment based on recklessly creating an imminent and substantial risk of death or great bodily harm must include the "by withholding" element. *Id.* at 318.

Here, because the information and amended information omitted the "by withholding" element, the State admits that the information was defective under *McGary*. The parties also agree that pursuant to *McGary*, there is presumed prejudice to Dublin, requiring reversal and dismissal of Dublin's convictions without prejudice. *Id.*

2

We hold that under *McGary*, the information and amended information were defective. Accordingly, we reverse the second degree criminal mistreatment convictions and dismiss them without prejudice. *McGary*, 122 Wn. App. at 318.

Dublin also argues that the State presented insufficient evidence to convict him of criminal mistreatment. Because we are reversing his convictions based on the defective charging documents, we need not reach this argument. *McGary*, 122 Wn. App. at 318 (declining to address sufficiency of the evidence because "the State never validly charged McGary with second degree criminal mistreatment"); *see also State v. Rodgers*, 146 Wn.2d 55, 58-59, 43 P.3d 1 (2002).

We reverse and dismiss Dublin's convictions for second degree criminal mistreatment without prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

BJORGEN, A.C.J.