IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38471-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY RENE VASQUEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Anthony Vasquez sought resentencing a second time based on

*State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The sentencing court and the first

resentencing court had included Vasquez's conviction for possession of a controlled

substance in his offender score. Vasquez appeals from the second resentencing with the

argument that the superior court failed to conduct a de novo sentencing that included

consideration of his youth at the time of his crime. We agree and remand for another

third resentencing or a fourth sentencing hearing.

FACTS

This appeal is Anthony Vasquez's third. His prosecution arises from the shooting death of Juan Garcia on September 17, 2013. Vasquez was then 23 years old. This appeal only concerns sentencing, not the underlying facts of the murder. Nonetheless, we briefly recount the facts of the crime as previously narrated in *State v. Vasquez*, 2 Wn. App. 2d 632, 415 P.3d 1205 (2018).

Juan Garcia, his girlfriend, and his five-year-old child sat in a parked car outside a grocery mart in Moses Lake, Washington. Garcia sat in the front passenger seat, his girlfriend sat in the driver's seat, and his child sat in the back seat of the vehicle. Anthony Vasquez arrived on the market's premises in his own vehicle, parked that vehicle, and exited it. He momentarily hid behind a fence before rushing towards Garcia's parked car. Vasquez approached the front passenger door of Garcia's vehicle, shot and killed Garcia at point-blank range, and fled in his own vehicle. The one shot did not physically injure Garcia's girlfriend or child.

A jury found Anthony Vasquez guilty of one count of aggravated murder in the first degree with a firearm enhancement, three counts of drive-by shooting, and one count of tampering with a witness. The three counts of drive-by shooting resulted from Juan Garcia, his girlfriend, and the child being deemed discrete victims. Based on the offender score calculated by the original sentencing court, which included a conviction later

invalidated by *State v. Blake*, the court sentenced Vasquez to an exceptional sentence of life in confinement plus sixty months.

In his first appeal filed in 2017, Anthony Vasquez requested that this court reverse his drive-by shooting convictions, strike the aggravated element attached to his first degree murder charge, and resentence him accordingly. In *Vasquez* I, issued in 2018, this court reversed Vasquez's drive-by shooting convictions, struck the sentence aggravator for aggravated murder, affirmed the remainder of his convictions, and remanded the matter for resentencing. *State v. Vasquez*, 2 Wn. App. 2d 632, 637 (2018).

The first resentencing court conducted a hearing and resentenced Anthony Vasquez to 660 months, or fifty-years, in confinement. The court ordered that the sentences for all three of Vasquez's convictions run concurrently within this period of time and that the sixty-month sentence for a firearm enhancement run consecutively. This 660-month sentence constituted an exceptional sentence based on Vasquez's recalculated offender score of 9+, which score no longer included points for aggravated enhancement to the first degree murder conviction and his drive-by shooting convictions. The resentencing court, however, counted in the offender score Vasquez's earlier conviction for possession of a controlled substance.

In a second appeal filed in June 2018, Anthony Vasquez contended that this court should remand for a second resentencing to correct a clerical error in his first resentencing's judgment and sentence. Vasquez faulted the first resentencing court's

No. 38471-3-III
*State v. Vasquez*

failure to include the number of months of total confinement in his judgment and sentence. As part of a statement of additional grounds, in that second appeal, Vasquez contended that the sentencing and first resentencing courts failed to consider his youth when sentencing him in violation of the cruel and unusual punishment clause.

In *Vasquez* II, issued in 2019, this court remanded to the superior court solely for the purpose of inserting the total length of commitment in the judgment and sentence. *State v. Vasquez*, No. 36123-3-III, slip op. at 8 (Wash. Ct. App. June 20, 2019). Although the court only corrected an error, we label this correction as the second resentencing. This court wrote, when addressing any failure of the trial court to consider Anthony Vasquez's youth:

> Anthony Vasquez requests a remand for the sentencing court to consider whether his youthfulness at the time of the crime justifies an exceptional sentence below the standard range. But he neither requested an exceptional sentence below the standard range nor asserted his age as a mitigating factor at his resentencing hearing. Thus, Anthony Vasquez waived the contention.

*State v. Vasquez*, No. 36123-3-III, slip op. at 6-7.

## PROCEDURE

We arrive at the events that give rise to this third appeal. We call this appeal *Vasquez* III. In *Vasquez* III, Anthony Vasquez appeals his second resentencing or third sentence.

The Washington Supreme Court, in 2021, declared unconstitutional Washington's

4

strict liability drug possession statute, under which Anthony Vasquez had been convicted years earlier. *State v. Blake*, 197 Wn.2d 170 (2021). Vasquez thereafter filed a motion for relief from judgment because his sentence was no longer valid since the sentencing court and first resentencing court based his offender score in part on his conviction for possession of a controlled substance.

At the beginning of Anthony Vasquez's second resentencing hearing, Vasquez requested that the court, under *State v. O'Dell* 183 Wn.2d 680, 358 P.3d 359 (2015), consider his youth as a mitigating factor when assessing his resentence in addition to removing his possession of a controlled substance conviction from the offender score. Nevertheless, Vasquez's counsel objected to the consideration of any aggravating factor, while arguing the resentencing hearing was limited to correcting the offender score in light of *State v. Blake*. Counsel asked that, if the court consider aggravating factors, the court also consider mitigating factors. The State contended that, under the law of the case, Vasquez could not request resentencing based on his youth because of our decision in *Vasquez* II that held Vasquez waived the argument by failing to raise it before the resentencing court at the first resentencing hearing.

During the second resentencing hearing, the superior court initially commented that its authority to resentence Anthony Vasquez was limited to correcting his offender score after *Blake*. Vasquez's counsel agreed that the only task for the resentencing court was to resentence with the possession of a controlled substance conviction removed from

the offender score.  His counsel further concurred that the court lacked authority to

impose a mitigating sentence based on Vasquez's youth at the time of the crime.

Later during the second resentencing hearing and during Anthony Vasquez's

allocution, Vasquez mentioned his desire to argue the mitigating factor of his youth.  The

following colloquy transpired:

> THE DEFENDANT: Well, I did want to argue late (as heard), but I
> guess you got me.  I wanted to argue the *O'Dell* mitigating factors.  But I
> guess you guys don't want to hear that today.  I just know that last time in
> my appeal they said that if I didn't bring it up during sentencing then I have
> no right and I waive my contention.  So, I'm here at another resentencing
> and I would like to bring it up.  But if you're not trying to hear it, then, I
> mean. . .
> THE COURT: Well, this is still—you have the right to allocution, so
> whatever it is that you want to say for the Court to consider you are
> welcome to say it.  We just won't essentially be taking a more formal—
> THE DEFENDANT: Yeah.
> THE COURT: —argument or maybe a legal—
> THE DEFENDANT: And that's why I didn't ask my attorney to—
> THE COURT: —analysis on it.
> THE DEFENDANT: —to bring it up.  I—I wanted to bring it up
> myself.  And just, like I said, I just ask that the judge, the Court, is willing
> to consider maybe that this is a—this justifies an exceptional sentence
> below the standard range because of my youth.  I was 23 when I committed
> the crime.  And, I mean, I—I apologize for the family and their loss.
> And yeah, I've been in and out of this life my whole life.  And I've
> never actually had a chance to mature.  I've been locked up since the age of
> 14.  And I haven't really stopped.  My mom's in the courtroom.  She can
> vouch for that.  You know what I'm saying?  I've never actually had a
> chance to be out there long enough to mature.  I went to prison at 25, and
> I've been locked up for the last six years.
> I've t[a]ken classes.  I've gone to school and got a job.  I mean, I'm
> trying to better my life for the future if someday I—I have a future on the
> outside because as of right now at 50 years I'm not gonna—I'm not gonna
> have a life out there.  I'm 31 already.  So I'd just ask that the ju—the judge

is willing to consider my youth at the time of the crime as a mitigating factor and just—

You know, I don't want to come back on appeal every other year and have everyone have to relive this. If we can just get a—a decent sentence we can be done here and I don't have to come back anymore and we can just—everyone will be done and it will bring closure for everyone on this matter. And that's all I ask is that you—you know, if you can consider my age at the time and hopefully to give me an exceptional sentence downwards. Thank you, Your Honor.

THE COURT: Okay. Thank you.

Resentencing RP at 27-29 (alteration in original).

At the conclusion of Anthony Vasquez's second resentencing hearing, the superior court resentenced Vasquez using an offender score that no longer accounted for his possession of a controlled substance conviction. The offender score remained, however, at 9+. The court resentenced Vasquez to 620 months in confinement. Thus, the court, on the second resentencing, reduced the sentence by forty months. The sentence still exceeded the standard range.

During the second resentencing hearing, the resentencing court commented about Anthony Vasquez's youth:

I have gone over the hearing transcript from that hearing [the first resentencing hearing] and felt that he [Judge John Antosz, the sentencing hearing and first resentencing hearing judge] analyzed the situation well and felt that there really wasn't anything that had changed other than the *Blake* issue. For the Court now to suddenly take a different approach, there really wasn't a reason.

I feel that Judge Antosz took into account, Mr. Vasquez, your—your age at that hearing. I think he took into account how old you were, the circumstances of your life and what was going on. And to an extent I'm doing that as well. And so I just—I feel that on balance, though, regardless,

7

> it doesn't appear that a downward departure is warranted based on the
> information at least that the Court has had. So I just wanted you to know
> that I was at least taking that into account in my mind. I believe that Judge
> Antosz was at least looking into that. But I do want to follow what Judge
> Antosz I believe was trying to—trying to impose at the last hearing.
>> So what the Court is doing, the Court is signing the Findings of Fact
> and Conclusions that show that there is a substantial and compelling reason
> for an exceptional sentence based on the—essentially the unpunished
> crimes.

Resentencing RP at 32-33.

The second resentencing court entered written findings of fact and conclusions of

law that supported its finding that substantial and compelling reasons justified Anthony

Vasquez's exceptional sentence above the standard range. Under finding of fact 1, the

court wrote: "Anthony Vasquez has a criminal history of 9 points prior to the commission

of this offense and was on [Department of Correction] supervision" at the time of the

murder. Clerk's Papers (CP) at 132. Under finding of fact 2, the court wrote: "Anthony

Vasquez's high offender score results in some of the offenses committed in this case

going unpunished." CP at 132.

## LAW AND ANALYSIS

Anthony Vasquez asserts twin assignments of error on appeal. First, the second

resentencing court deemed itself unauthorized to consider Vasquez's age as a mitigating

factor and erroneously refused to consider this factor. Second, the second resentencing

court followed what it believed the first resentencing court would have done rather than

exercising its own discretion. Vasquez asserts other assignments of error that include

8

entry of an exceptional sentence above the standard range, judicial factfinding in violation of constitutional restraints, and failure to conduct a same criminal conduct analysis as to some of his convictions. We only address Vasquez's first two assignments of error.

Anthony Vasquez's assignments of error implicate the role played by a resentencing court. We must decide if the resentencing is limited to those arguments previously raised before the superior court or whether, conversely, the resentencing court may hear new evidence and entertain new arguments by the parties. We must also resolve whether the resentencing court should sentence based on his or her view of how the sentencing judge would have ruled.

In *State v. Edwards*, 23 Wn. App. 2d 118, 514 P.3d 692 (2022), this court addressed resentencing under *State v. Blake*, when the resentencing court must reduce the offender score of the accused because of earlier convictions for possession of a controlled substance. We wrote:

> We remand for resentencing pursuant to *Blake*. Resentencing shall be de novo, with the parties free to advance any and all factual and legal arguments regarding Mr. Edwards's offender score and sentencing range.

*State v. Edwards*, 23 Wn. App. 2d 118, 122 (2022). Division One of this court employed identical language with regard to *Blake* resentencing in three unpublished decisions. *In re Personal Restraint of Taylor*, No. 84036-3-I-I (Wash. Ct. App. Jan. 23, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/840363.pdf; *In re Personal*

No. 38471-3-III
*State v. Vasquez*

*Restraint of Priebe*, No. 84280-3-I (Wash. Ct. App. Jan. 23, 2023) (unpublished)

https://www.courts.wa.gov/opinions/pdf/842803.pdf; *In re Personal Restraint of Cratty*,

No. 83670-6-I (Wash. Ct. App. Oct. 24, 2022) (unpublished),

https://www.courts.wa.gov/opinions/pdf/836706.pdf.  In none of the decisions did this

court elucidate why it deemed de novo sentencing appropriate.  We now take the

opportunity to do so.

We hold that, unless this court restricts resentencing to narrow issues, any

resentencing should be de novo.  During the resentencing, the resentencing judge may

consider rulings by another judge during the sentencing of the offender, but the

resentencing judge should exercise independent discretion.  In this context we employ the

terms "resentencing court" or "resentencing judge" regardless of the number of

resentencings.

Generally, the law wishes to prevent relitigation of an issue after the party enjoyed

a full and fair opportunity to litigate the question.  *State v. Harrison*, 148 Wn.2d 550,

561, 61 P.3d 1104 (2003).  But in criminal cases, the court does not wish to strictly apply

this principle.  *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S. Ct. 1189, 25 L. Ed. 2d 469

(1970); *State v. Harrison*, 148 Wn.2d 550, 561 (2003).  In the interest of truth and fair

sentencing, a court on a sentence remand should be able to take new matters into account

on behalf of either the government or the defendant.  *United States v. Kinder*, 980 F.2d

961 (5th Cir. 1992).

10

Remarkably, no court rule addresses the extent of resentencing in Washington court, other state courts, or federal courts. Nevertheless, most jurisdictions have assembled a body of law concerning the arguments that a party may raise on resentencing. Washington decisions have yet to thoroughly address the extent of resentencing. Therefore, we also review foreign decisions.

The resentencing court is not bound by collateral estoppel when the original sentence is no longer a final judgment on the merits. *State v. Brown*, 193 Wn.2d 280, 284-88, 440 P.3d 962 (2019); *State v. Harrison*, 148 Wn.2d 550, 561 (2003). Also, the law of the case doctrine applies only when an earlier sentencing court decided the merits of the question. *State v. Harrison*, 148 Wn.2d 550, 562 (2003). Neither a sentencing court nor this reviewing court has addressed the merits of Anthony Vasquez's request for a reduced sentence because of his youth at the time of the commission of the crime.

When a reviewing court reverses or vacates a sentence, resentencing is de novo in nature. *Bruce v. State*, 311 So.3d 51, 53 (Fla. Dist. Ct. App. 2021); *State v. D.H.*, 2019-Ohio-1017, 133 N.E.3d 922, 928; *State v. Hardy*, 250 N.C. App. 225, 792 S.E.2d 564, 567 (2016). Resentencing must proceed as an entirely new proceeding when all issues bearing on the proper sentence must be considered de novo and the defendant is entitled to the full array of due process rights. *Bruce v. State*, 311 So.3d 51, 53-54 (Fla. Dist. Ct. App. 2021).

11

In *Bruce v. State*, the State contended, on appeal from resentencing, that defense counsel stipulated to the offender prison release reoffender. The Florida Court of Appeals returned the case to the trial court for resentencing anyway because the trial court had failed to verify the offender's consent to the stipulation.

In *Betty v. State*, 233 So.3d 1149 (Fla. Dist. Ct. App. 2017), Ricarlo Betty, on resentencing, asked the court to consider his youth. The resentencing judge refused to conduct a de novo resentencing because it believed the original sentencing judge would not have sentenced Betty as a youthful offender. The Court of Appeals remanded for de novo resentencing.

If the court of appeals mandate limits the questions for resolution by the resentencing court, the court must limit its review. *United States v. Cannady*, 63 F.4th 259 (4th Cir. 2023); *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). Nevertheless, the remand must clearly convey the intent to limit the scope of resentencing. *State v. Hardy*, 792 S.E.2d 564, 569 (2016). By ordering resentencing without any specific instructions or any prohibitions, the reviewing court returns the case to the trial court to consider every aspect of the offender's sentences de novo. *State v. Morrisey*, 2022-Ohio-3519, 198 N.E.3d 554, 561; *People v. Lampe*, 327 Mich. App. 104, 933 N.W.2d 314, 323 (2019). Without a limitation, the resentencing court should consider sentencing de novo and entertain any relevant evidence that it could have heard at the first sentencing. *United States v. Cannady*, 63 F.4th 259 (4th Cir. 2023); *United*

*States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *United States v. Smith*, 116 F.3d 857 (10th Cir. 1997); *United States v. Atehortva*, 69 F.3d 679 (2nd Cir. 1995); *United States v. Ponce*, 51 F.3d 820 (9th Cir. 1995); *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993); *United States v. Cornelius*, 968 F.2d 703 (8th Cir. 1992); *State v. Hardy*, 792 S.E.2d 564, 567 (2016); *United States v. Stinson*, 97 F.3d 466, 468-69 (11th Cir. 1996). A resentencing remand order carries a presumption of de novo resentencing. *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003).

Although the United States Supreme Court has not held that resentencing is de novo in total, the court held that, when a reviewing court reverses and remands for resentencing, the district court may consider evidence of rehabilitation since the earlier sentencing. *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

Three federal Circuit Court of Appeals reject the majority view of a presumption of de novo resentencing. *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998); *United States v. Whren*, 111 F.3d 956 (D.C.Cir. 1997); *United States v. Parker*, 101 F.3d 527 (7th Cir. 1996). This view criticizes the majority approach as allowing an offender a second bite of the proverbial pear. *United States v. Whren*, 111 F.3d 956 (D.C. Cir. 1997). This criticism, however, should be panned since de novo resentencing works both ways. The State also gets a second opportunity to present evidence and argument not earlier forwarded.

On remand, the sentencing court should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo. *United States v. Crooked Arm*, 853 F.3d 1065, 1069 (9th Cir. 2017). The offender, on resentencing, may even raise an argument which the appeals court ruled waived in the initial appeal. *United States v. Caterino*, 29 F.3d 1390, 1395-96 (9th Cir. 1994) *overruled on other grounds by Witte v. United States*, 515 U.S. 389, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995).

During resentencing, the trial court may impose the identical sentence or a greater or lesser sentence within its discretion. *State v. D.H.*, 2019-Ohio-1017, 133 N.E.3d 922, 928. The resentencing judge may not rely on a previous court's sentence determination and fail to conduct its own independent review. *State v. Hardy*, 792 S.E.2d 564, 567 (2016). Otherwise, the offender is deprived of de novo review. *State v. Hardy*, 792 S.E.2d 564, 567 (2016).

Some comments of Anthony Vasquez's second resentencing court denote that the court wished to impose a sentence that it deemed the earlier sentencing court would have issued. We also note that, assuming the second resentencing court considered Vasquez's youth, Vasquez was not able to present all the evidence he wanted because the court told him it was not going to consider his youth. Also, Vasquez's counsel did not advocate for a lower sentence due to Vasquez's youth. In fairness to the second resentencing court and Vasquez's counsel, we had not decided *State v. Edwards* yet.

14

The second resentencing court did not review resentencing based on any mandate from this court, but rather on a motion to resentence under *State v. Blake*. Although the motion did not expressly ask for de novo resentencing and the motion asked for resentencing under *Blake*, the motion did not expressly limit its scope. Therefore, we apply the presumption of de novo resentencing.

In *Vasquez* II, we declined to address Anthony Vasquez's youth because he did not ask for an exceptional sentence before the first resentencing judge. *Vasquez* III comes to us in a different posture because Vasquez requested that the second resentencing judge consider his youth.

We note that, on review a second time, the appellate court need not address an assignment of error not asserted on first review. *State v. Barberio*, 121 Wn.2d 48, 51, 846 P.2d 519 (1993). We do not consider this rule applicable when Anthony Vasquez asked the second resentencing court to consider his youth and we now review the second resentencing court's ruling.

The dissent also relies on *State v. Barberio*, 121 Wn.2d 48 (1993) for the proposition that a resentencing court has discretion to entertain new arguments or evidence by either side, but may also exercise the discretion by precluding new arguments or evidence. *Barberio* involved a distinct issue. *Barberio* limits an offender's ability to relitigate the legal basis for an exceptional sentence upward when he or she enjoyed a full and fair opportunity to litigate the issue during the original sentencing and

appeal. None of Anthony Vasquez's resentencing courts have fully entertained the possibility of an exceptional sentence downward. When the superior court conducts resentencing because of the elimination of a count of conviction or the lowering of the offender score, the parameters for resentencing change. An argument that the offender deemed ineffective before may now seem viable. The law should not deem the offender to have waived a viable sentencing argument when the context governing the first proceeding differs in resentencing.

We also question any significant difference between the process envisioned by the dissent and this court's majority. The majority does not demand that the resentencing court agree to the validity of any new arguments or the credibility or weight of any new evidence. The majority only rules that, out of fairness to the offender, the resentencing court should listen and decide anew the probity of the arguments and evidence.

CONCLUSION

We remand to the superior court for a third resentencing during which the court will conduct sentencing de novo, including consideration of Anthony Vasquez's youth at the time of his crime. Because of de novo resentencing, Vasquez may raise, before the superior court, other arguments asserted on this appeal.

No. 38471-3-III
*State v. Vasquez*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

I CONCUR:

_____
Pennell, J.

*State v. Vasquez*
No. 38471-3-III

SIDDOWAY, J. (concurring/dissenting in part) — Given ambiguity about the third resentencing court's understanding of the discretion it had to entertain Anthony Rene Vasquez's evidence and argument of diminished responsibility because of his youth, well-settled law supports remanding for a fourth, full, resentencing. On that, I concur.

I disagree that Mr. Vasquez is entitled to the "plenary" resentencing he requests,[1] that he and others who are resentenced because convictions have been vacated in light of *State v. Blake*[2] are entitled to "de novo resentencing," or with the majority's holding in this appeal that rather than having an option, a resentencing court "*should* exercise independent discretion" on the new factual and legal arguments an offender is entitled to raise at resentencing. Majority at 10, 16 (emphasis added). Particularly where resentencing takes place before the same judge (which is not the case here), to *require* rather than permit the exercise of independent judgment unduly burdens resentencing courts and invites wasteful further appeals. I disagree with the de novo resentencing required in *Blake* remands by *State v. Edwards*, 23 Wn. App. 2d 118, 122, 514 P.3d 692 (2022). On that score, I dissent.

I. MR. VASQUEZ HAS DEMONSTRATED A NEED FOR A FOURTH RESENTENCING

In his second, 2018 appeal to this court, Anthony Rene Vasquez complained in a statement of additional grounds (SAG) that his new 660-month sentence, which he

_____

[1] Br. of Appellant at 1-3.
[2] 197 Wn.2d 170, 481 P.3d 521 (2021).

characterized as a de facto life sentence, constituted cruel and unusual punishment. *State v. Vasquez*, No. 36123-3-III, SAG at 7 (Wash. Ct. App. Mar. 18, 2019) (on file with court). He asked that "this case be remanded back to [the] trial court for resentencing with instructions to consider Vasquez['s] youthfulness." *Id.* at 8. Mr. Vasquez was 23 years old at the time of the crimes.

The relief granted in that appeal was remand with directions to make a clerical change to Mr. Vasquez's judgment and sentence, a remand that this court stated "involves only a ministerial correction and no exercise of discretion," such that "Vasquez's presence is not required." *State v. Vasquez*, No. 36123-3-III, slip op. at 4 (Wash. Ct. App. June 20, 2019) (unpublished), https://www.courts.wa.gov/opinions /pdf/361233_unp.pdf. Mr. Vasquez's challenge to the resentencing court's failure to consider his youth was rejected with the explanation that Mr. Vasquez "neither requested an exceptional sentence below the standard range nor asserted his age as a mitigating factor at his resentencing hearing. Thus, Anthony Vasquez waived the contention." *Id.* at 6-7.

Mr. Vasquez petitioned the Supreme Court to review this court's opinion, including its decision that his right to request consideration of his youth at resentencing had been waived. Mot. for Pet. for Discretionary Rev., *State v. Vasquez*, No. 97459-4, at 4 (Wash. Jul. 19, 2019) (on file with court). Review was denied. Order, *Vasquez*, No. 97459-4 (Wash. Nov. 6, 2019) (on file with court).

Following the Washington Supreme Court's decision in *Blake*, Mr. Vasquez filed a motion for relief from judgment, since a conviction for simple possession of a controlled substance had counted toward his offender score. The State responded with a third resentencing memorandum in which it calculated his offender score without the simple possession conviction as an 11.

As the majority opinion recounts, at the third resentencing hearing, defense counsel announced at the outset that Mr. Vasquez would like the court to consider his youth as a mitigating factor, citing *State v. O'Dell*.[3] The prosecutor took the position that Mr. Vasquez could not request consideration of whether his age supported diminished culpability because the rejection of that claim of error in his second appeal was law of the case. Defense counsel conceded that the court lacked authority to consider youth as a mitigating factor. While the court allowed Mr. Vasquez to speak to the issue to a certain extent, and in announcing its sentence stated that it, "to an extent" was considering Mr. Vasquez's youth as well, it is not clear that the court fully understood its discretion to permit mitigation to be argued, and to consider it. Rep. of Proc. at 32, 27-29.

Law of the case did not preclude hearing evidence and argument that youth was a mitigating factor. A trial court, on remand, "'may exercise independent judgment as to decisions to which error was not assigned in the prior review, and those decisions are subject to later review by the appellate court.'" *State v. Barberio*, 121 Wn.2d 48, 50, 846

_____

[3] 183 Wn.2d 680, 358 P.3d 359 (2015).

P.2d 519 (1993) (quoting the advisory committee on the Rules of Appellate Procedure,

2 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE at

481 (4th ed. 1991)).  Error had not previously been assigned to any *decision* that Mr.

Vasquez's age was not a mitigating factor.  This court, and the Supreme Court, had

merely rejected his request for resentencing where he had not asked that youth be

considered by the first resentencing judge.  I agree with the majority that this appeal is in

a different posture.

Given the ambiguity whether the third resentencing court fully understood its

discretion, I agree that we should remand for a fourth resentencing.

II.      REQUIRING RESENTENCING COURTS TO REVISIT PREVIOUSLY UNAPPEALED
ISSUES IS CONTRARY TO CONTROLLING CASE LAW, UNDULY BURDENS
RESENTENCING COURTS, AND INVITES WASTEFUL FURTHER APPEALS

The decision last year in *Edwards* requiring "de novo" resentencing on *Blake*

remands held that a defendant is entitled to raise any factual or legal challenge to the

judicial determinations that went into their prior offender score and sentencing range.

Under *Edwards*, a defendant can require the trial court to revisit any issue of validity,

comparability, wash out, or same criminal conduct that went into those determinations.

In this appeal, Mr. Vasquez assigns error not only to the trial court's failure to consider

his youth as a mitigating factor, but also to its failure at his third resentencing to engage

in a new "same criminal conduct" analysis of his prior crimes.  Br. of Appellant at 41-47.

He also raises a constitutional challenge for the first time to the court's imposition of an

exceptional sentence based on the free crimes aggravator, arguing that the Washington Supreme Court wrongly held in *State v. Alvarado*, 164 Wn.2d 556, 566-67, 192 P.3d 345 (2008), that application of the factor does not require prohibited judicial factfinding. Br. of Appellant at 47-56. The majority does not address those issues, holding that "[b]ecause of de novo resentencing" Mr. Vasquez will be able to address those issues to the superior court. Majority at 16.

By requiring the exercise of independent judgment on all such issues at resentencing, *Edwards* widely opened the door to further appeals, including the fourth appeal we can anticipate in this case. And it did so in a huge class of resentencings that can, in many cases, involve very little change to an offender score or sentencing range.

The majority now extends the requirement of de novo resentencing to "any resentencing," unless restricted by the appellate court. Majority at 10.

Thirty years ago, our Supreme Court held otherwise in *Barberio*. It held that at resentencing the trial court "may" exercise independent judgment as to decisions to which error was not assigned in the prior review. 121 Wn.2d at 50. It held "[c]learly the rule is permissive . . . . It is discretionary for the trial court to decide whether to revisit an issue which was not the subject of appeal." *Id.* at 51. It spoke of the "necessity" of a rule that denies review at a later stage of "clear and obvious issue[s] which could have been decided . . . in the first appeal." *Id.* at 52.

5

In *State v. Kilgore*, 167 Wn.2d 28, 216 P.3d 393 (2009), our Supreme Court

reaffirmed a resentencing court's discretion whether to revisit decisions to which error

was not assigned in a first appeal, in a case illustrating the importance of that discretion

to finality. Rejecting Kilgore's argument to adopt tests created by federal courts to

determine finality where cases have been remanded following partial reversals, the court

adhered to *Barberio*, holding that while "[t]he pendency of a case otherwise final under

RAP 12.7 *can* be revived pursuant to RAP 2.5(c)," 167 Wn.2d at 36-38 (emphasis

added),

> We have interpreted RAP 2.5(c)(1) to allow trial courts, as well as
> appellate courts, discretion to revisit an issue on remand that was not the
> subject of the earlier appeal. This is consistent with RAP 12.2, which
> allows trial courts to entertain postjudgment motions authorized by statute
> or court rules, as long as the motions do not challenge issues already
> decided on appeal. If the trial court elects to exercise this discretion, its
> decision may be the subject of a later appeal, thereby restoring the
> pendency of the case.

*Id.* at 38-39 (citation and footnotes omitted).

The significance in *Kilgore* was that since the trial court on remand had merely

corrected Kilgore's judgment to remove two reversed convictions that the State had

elected not to retry, he could not bring a post-*Blakely*[4] challenge to an exceptional

sentence he had not challenged in his first appeal. The court observed that "[t]he fact that

the trial court had discretion to reexamine Kilgore's sentence on remand is not sufficient

---

[4] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

to revive his right to appeal.  Our rules of appellate procedure require that the trial court exercise its discretion in order to give rise to an appealable issue." *Id.* at 43.

Giving resentencing courts discretion, but not the obligation, to entertain new challenges to their prior sentencing determinations strikes the right balance, in my view. More importantly, *Barbiero* and *Kilgore* provide controlling constructions of our appellate rules and common law.  The concept of a full resentencing as opposed to a ministerial correction is addressed by a large body of case law.  *E.g.*, *State v. Ramos*, 171 Wn.2d 46, 246 P.3d 811 (2011) (per curiam).  Presumably, the majority intends de novo resentencing to supplant full resentencing.  I disagree with *Edwards* and with its extension by the majority in this case and therefore dissent in part.

_____
Siddoway, J.