**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-8041

UNITED STATES of AMERICA,

Plaintiff-Appellee,

VERSUS

David Kinder and Larry Kinder,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Texas

December 21, 1992

Before REYNALDO G. GARZA, HIGGINBOTHAM and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

The appellants appeal their sentences because the court considered the new evaluation of purity of existing evidence. We find that this evaluation was in accord with this court's remand and we therefore AFFIRM.

FACTS

The facts of this case are fully reported in U.S. v. Kinder, 946 F.2d 362 (5th Cir.), cert. denied, 112 S.Ct. 1677, 2290 (1992), in which David and Larry Kinder (David and Larry) appealed their guilty pleas and sentences. For purposes of this appeal the

following facts are relevant:

> Working undercover, Officer Goodwin commenced negotiations on February 8, 1990 to sell methamphetamine to Larry. After a few phone calls between Larry, [co-defendant Sandra Kay] Shook, and Goodwin, Shook went to Goodwin's hotel room.
>
> * * *
>
> On February 14, 1990 Officer Goodwin was informed that Larry was "ready to do business" by buying a half-pound. That evening, Larry and his brother David told Goodwin that he had not wanted to buy a large amount of methamphetamine the week before "because he had 17 ounces of methamphetamine on the street and had not collected all of the money from the sale of [it]." Larry told Goodwin that he wanted to buy a half-pound now and would possibly want more later.
>
> * * *
>
> Larry instructed David to take the half-pound outside and wait for him (Larry). Officer Goodwin then gave an arrest signal and Larry and David both were arrested. Larry and David pled guilty to a one-count indictment of conspiring to possess more than 100 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§846 and 841(a)(1). In exchange for the pleas, the government promised not to prosecute appellants for any additional offenses. At the sentencing hearing, the district court denied all of appellants' objections to the Presentence Investigation Report (PSR). The court included the non-charged 17 ounces of methamphetamine, of which Larry had spoken, when calculating the appellants' base offense level. Larry was sentenced to 210 months imprisonment, five years supervised release, a $5,000 fine, and a $50 mandatory assessment. David was sentenced as a career offender to 400 months imprisonment, five years supervised release, and a $50 mandatory assessment.

Kinder at 365-66 (footnote omitted). This Court affirmed the district court's judgment with one exception. The Court expressed concern that the district court had sentenced David and Larry under subsection (A)(viii), which carried a more severe statutory penalty than subsection (B)(viii), without finding that the offense involved at least 100 grams of pure methamphetamine. Id. at 368. The sentences were vacated and the case remanded for a

2

determination whether "the 269 grams of the mixture seized on February 14 contained 100 grams of pure methamphetamine." Id. at 369.

On remand for resentencing, the district court allowed the Government to introduce evidence that the methamphetamine was 77% pure. Thus, the quantity of pure methamphetamine involved in the offense was 207.1 grams. Government's Exhibit 1: R.6, 7-8. The district court found no necessity to resentence, and the previous sentences remained in effect.

ANALYSIS

This court remanded appellants' sentences to the district court level to find whether the §841(b)(1)(A)(viii) was properly applied because more than 100 grams of methamphetamine were indeed involved. The evaluation of the evidence indicated that it was 77% pure, 207.1 grams of methamphetamine. The appellants contend that this new information should not have been considered because it went beyond the record. When this court remanded this case and ordered the district court to allow the government to point to the record in order to determine the amount of the drug's purity, it did not intend to limit them to evidence already in the record. We seek justice and truth and therefore do not preclude the introduction of information that is helpful in determining a proper sentence.

It is a fundamental principle of sentencing that a district court may conduct an inquiry broad in scope, largely unlimited

3

either as to the kind of information it may consider, or the source from which such information may come.  <u>U.S. v. Robbins</u>, No. 91-1850, slip op. 1158, 1170 (5th Cir. Nov. 20, 1992); <u>United States v. Campbell</u>, 684 F.2d 141, 152 (D.C. Cir. 1982).

The scope of a remand for resentencing includes new relevant factors proper in a <u>de</u> <u>novo</u> review.  <u>U.S. v. Smith</u>, 930 F.2d 1450 (10th Cir.) <u>cert.</u> <u>denied</u>, 112 S.Ct. 225 (1991).  "[I]n the interest of truth and fair sentencing a court should be able on a sentence remand to take new matter into account on behalf of either the government or the defendant."  <u>U.S. v. Sanchez-Solis</u>, 882 F.2d 693, 699 (2d Cir. 1989).  This court "will uphold the district court's sentence so long as it results from a correct application of the guidelines to factual findings which are not clearly erroneous."  <u>United States v. Sarasti</u>, 869 F.2d 805, 806 (5th Cir. 1989).


CONCLUSION

We find that the purity evaluation was sufficient evidence and properly considered in order to properly sentence the appellants. For the aforementioned reasons, we

AFFIRM.

4