ENOCHS, Judge.
*226 Leonard Hardy ("Defendant") appeals from the trial court's judgment resentencing him to 77 to 102 months imprisonment and ordering him to pay $7,408.91 in restitution. On appeal, he contends that the trial court deprived him of his right to a de novo sentencing hearing and erred by failing to reconsider its prior restitution award. After careful review, we affirm.
Factual Background
This case is before us for the second time. The underlying facts are set out more fully in State v. Hardy , --- N.C. App. ----, ----, 774 S.E.2d 410, 412-13 (2015) (" Hardy I "), and are quoted, in pertinent part, as follows:
On 25 July 2011, Zulema Bass ("Ms. Bass") arrived home and noticed that her mobile home was hot inside even though the air-conditioner was on. After hearing a loud noise outside, she asked her fifteen-year-old son Brendell Bass ("Brendell") to investigate. Brendell went to the back door and began screaming that a man [later identified as Defendant] was out there. Ms. Bass ran to the door and saw a man riding away on a bicycle; she only saw half of the man's face and was unable to identify him. Ms. Bass went outside and saw that the air-conditioning unit was "demolished" and noticed a twisted pipe on the ground beside the unit. She also noticed that there was extensive water damage under her home from "pipes leaking everywhere." Ms. Bass called 911....
....
Jack Gregory ("Mr. Gregory"), a handyman with 40 years of experience, testified that he went to Ms. Bass's *227 mobile home to inspect and attempt to repair the air-conditioner. Mr. Gregory explained that Ms. Bass's air-conditioner was a two-piece unit. The outside unit was a condensing unit, which sat on the ground outside the mobile home and is connected to a second unit. The second unit, known as the A-coil, was located on the inside of the home and sat on the top of the home's heater. A high pressure copper pipe beneath the mobile home connected the outside unit to the indoor A-coil. Mr. Gregory testified that Ms. Bass's outside condensing unit had been completely "gutted." The compressor had been completely removed, and the wiring in the control box had been pulled out. Almost the entire high pressure copper piping that ran beneath the home had been removed. Mr. Gregory also noted some water line damage in the crawlspace of the mobile home; the water lines were broken so extensively that the entire back side of the brick wall on the underpinning was *566 "soaked through." The air-conditioner was inoperable and beyond repair.
Dale Davis ("Mr. Davis") testified that he owned the mobile home but used it as a rental property. He testified that he had received an estimate of over $6,000 to repair "just the AC" from Jackson & Sons.
On 7 November 2011, Defendant was indicted for (1) breaking and entering; (2) larceny after breaking and entering; (3) possession of stolen goods; (4) injury to real property; and (5) attaining the status of an habitual felon. Beginning on 13 February 2012, a jury trial was held before the Honorable W. Allen Cobb, Jr., in Wayne County Superior Court.
Defendant was found guilty of all charges. In exchange for the State's recommendation of a mitigated sentence, Defendant pled guilty to attaining habitual felon status. Id. at ----, 774 S.E.2d at 413.
On 14 February 2012, the trial court sentenced Defendant to 77 to 102 months imprisonment and ordered Defendant to pay $7,408.91 in restitution. Id. at ----, 774 S.E.2d at 413. After sentencing Defendant, the trial court arrested judgment on Defendant's conviction for possession of stolen goods. However, the trial court did not modify Defendant's sentence and he appealed. Id. at ----, 774 S.E.2d at 414.
Defendant raised multiple issues on his initial appeal, including an argument that the trial court erred during sentencing. We held as follows as to that issue:
*228 Finally, defendant argues that the trial court erred by sentencing him for both felony larceny and felony possession of stolen goods and that the trial court's order arresting judgment for felony possession of stolen goods did not cure the error. We agree and remand for resentencing.
When the trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error, the proper remedy is to remand for resentencing when the appellate courts "are unable to determine what weight, if any, the trial court gave each of the separate convictions ... in calculating the sentences imposed upon the defendant." State v. Moore, 327 N.C. 378, 383, 395 S.E.2d 124, 127-28 (1990).
Here, defendant was indicted for and convicted of felony larceny and felonious possession of stolen goods ("felony possession"). After the jury returned its verdict, based on the State's agreement to a mitigated sentence, defendant pled guilty to attaining habitual felon status pursuant to N.C. Gen. Stat. § 14-7.6. After determining that defendant had a prior record level of IV, the trial court consolidated the offenses for judgment and sentenced him to 77 months to 102 months imprisonment. Under the version of N.C. Gen. Stat. § 14-7.6 that was in effect at the time defendant committed the offenses, defendant was automatically sentenced as a Class C felon. Although the State requested a sentence at the high end of the mitigated range, the trial court imposed a sentence in the midpoint of the mitigated range. Defendant was sentenced to 77 to 102 months imprisonment. The allowable mitigated sentence for these offenses committed by a defendant with a class IV prior record level ranges from a minimum of 66 to a maximum of 166 months imprisonment.
Later the same day, following the sentencing hearing, likely based on the trial court's recognition that a defendant may be [sic] not be convicted of both larceny and possession of stolen property based on the same conduct, State v. Perry, 305 N.C. 225, 237, 287 S.E.2d 810, 817 (1982) [,] overruled on other grounds by State v. Mumford, 364 N.C. 394, 699 S.E.2d 911 (2010), the trial court arrested judgment on the felony possession conviction but did not modify defendant's sentence.
*229 Despite the trial court's subsequent order arresting the entry of judgment for felony possession, we are unable to determine whether the trial court gave any weight to that conviction when it sentenced defendant in the middle of the mitigated range instead of at a lower point in that range, especially since the trial court found the mitigating factor that defendant accepted responsibility for his criminal conduct and found no factors in aggravation. Therefore, we must remand this matter *567 back to the trial court for resentencing. See Moore, 327 N.C. at 383, 395 S.E.2d at 128. Sentencing within the mitigated range remains within the trial court's discretion.
....
In sum, we conclude that the trial court did not commit prejudicial error when it overruled defense counsel's objection and refused to strike hearsay testimony. We further conclude that, given the evidence in this case, the trial court did not err in denying defendant's motion to dismiss the charge of injury to real property and did not err in instructing the jury that the air-conditioner was real property. Because the amount of restitution was supported by evidence at trial, the trial court's order of restitution was without error. Finally, because we are unable to determine what weight, if any, the trial court gave to the erroneous entry of judgment on felony possession despite the fact that the trial court later arrested that judgment, we must remand for resentencing.
Id. at ----, 774 S.E.2d at 420-21 (internal footnote omitted).
On remand, the trial court conducted a new sentencing hearing on 30 November 2015 before the Honorable Paul L. Jones in Wayne County Superior Court which is the subject of the present appeal. At the hearing, Defendant introduced new evidence as to the amount of restitution that should be awarded. He then requested that he be resentenced at the low end of the mitigated range based on the following representation made by his trial counsel:
[Defendant is] 55 years old. He's at Caledonia Work Farm, which is where he's spent the last two or three years, and he's not gotten in any trouble, he tells me-and he works with chickens; and his sister lives in Wayne County, and he *230 feels like, and I feel like, once he gets out he can get a job in Wayne County or Lenoir County working with chickens.
After considering the parties' arguments and evidence, the trial court sentenced Defendant to 77 to 102 months imprisonment which is within the mitigated range and was the same term imposed by Judge Cobb at Defendant's original sentencing hearing. The trial court left the $7,408.91 restitution award in place after examining the State's exhibits concerning restitution which were re-admitted at the re-sentencing hearing. Defendant gave oral notice of appeal in open court.
Analysis
I. Re-Sentencing Hearing
Defendant's first argument on appeal is that the trial court deprived him of his right to a de novo sentencing hearing. Specifically, he contends that the trial court merely deferred to Judge Cobb's judgment and left his prior sentence in place without considering the matter anew and conducting an independent review of the evidence presented at the re-sentencing hearing. We disagree.
"For all intents and purposes the resentencing hearing is de novo as to the appropriate sentence. On resentencing the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors. The judge has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing. However, in the process of weighing and balancing the factors found on rehearing the judge cannot impose a sentence greater than the original sentence."
State v. Morston , 221 N.C.App. 464, 469, 728 S.E.2d 400, 405 (2012) (internal citations omitted) (quoting State v. Mitchell, 67 N.C.App. 549, 551, 313 S.E.2d 201, 202 (1984) ). "[W]hen a trial court relies on a previous court's sentence determination and fails to conduct its own independent review of the evidence, a defendant is deprived of a de novo sentencing hearing." State v. Watkins , --- N.C. App. ----, ----, 783 S.E.2d 279, 284 (2016). Significantly, however, "[a] trial court's resentencing of a defendant to the same sentence as a prior sentencing court is not ipso facto evidence of any failure to exercise independent decision-making or conduct a de novo review." Morston , 221 N.C.App. at 470, 728 S.E.2d at 406.
*231 Here, Defendant argues that the re-sentencing transcript suggests that the trial court did not conduct a de novo review, but rather simply relied upon and reimplemented *568 Judge Cobb's original determination of Defendant's sentence. Specifically, Defendant points to the following statement of Judge Jones:
Well, I don't think it would be appropriate for the Court to basically overrule Judge Cobb. He heard the evidence, he arrested judgment, and he still considered that the sentence did not need to be disturbed.
Based upon that, Judge Cobb being aware of all the facts, the Court resentences him to a term of 77 to 102 months in the North Carolina Department of Corrections. Thank you.
However, a broader reading of the re-sentencing hearing transcript does not, as Defendant posits, tend to show that Judge Jones was merely deferring to and adopting Judge Cobb's findings and ruling. Rather, it reveals that after allowing both Defendant and the State the opportunity to present new evidence at the hearing, Judge Jones reviewed the evidence and made his own determination as to Defendant's sentence in accordance with Morston . We read Judge Jones' above-quoted statement at the conclusion of the hearing as simply reflecting his agreement with Judge Cobb's ruling based on his own independent assessment. It does not, upon an examination of the entirety of the proceedings, indicate that Judge Jones was operating under a misapprehension of the law in that he believed he was obligated to take Judge Cobb's ruling into consideration in reaching his ultimate determination.
Defendant's citation to State v. Abbott , 90 N.C.App. 749, 370 S.E.2d 68 (1988), is thus inapposite to the facts of the present case. In Abbot , at the defendant's resentencing hearing, the trial judge expressly stated " 'I've tried to be consistent with [the original sentencing judge ]' " and then "perused defendant's file before finding the identical aggravating factor." Id. at 751, 370 S.E.2d at 69.
In the present case, Judge Jones allowed Defendant the opportunity to put on additional evidence concerning why he should be sentenced at the low end of the mitigated range. Instead of doing so, Defendant chose to only introduce new evidence as to why the amount of the restitution award should be reduced. In fact, all that Defendant's trial counsel presented to the trial court as to why Defendant's prison sentence should be reduced was his own argument-unsupported by any evidence-that
*232 [Defendant is] 55 years old. He's at Caledonia Work Farm, which is where he's spent the last two or three years, and he's not gotten in any trouble, he tells me-and he works with chickens; and his sister lives in Wayne County, and he feels like, and I feel like, once he gets out he can get a job in Wayne County or Lenoir County working with chickens.
"[I]t is axiomatic that the arguments of counsel are not evidence." State v. Collins , 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996). Therefore, the above-quoted statement of Defendant's attorney does not constitute competent evidence as to why Defendant's prison sentence should have been reduced.
Consequently, because we find that Judge Jones did, in fact, undertake his own independent evaluation of the evidence and did not operate under any misapprehension of the law that he was obligated to defer to Judge Cobb's original sentence, and because Defendant did not present any new evidence at the re-sentencing hearing as to why he should be given a lesser sentence at the low end of the mitigated range, we hold that the trial court did not err in re-sentencing Defendant to 77 to 102 months imprisonment. Defendant's argument on this issue is overruled.
II. Law of the Case Doctrine
Defendant's final argument on appeal is that the trial court erred in failing to find that the restitution award entered against Defendant should be reduced in light of the new evidence he introduced at the re-sentencing hearing as to the valuation of the cost to fix the damage to the mobile home. Once again, we disagree.
[T]his Court's interpretation of its own mandate is properly considered an issue of law reviewable de novo . On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure from the mandate *569 of the appellate court. It is well-established that in discerning a mandate's intent, the plain language of the mandate controls.
Watkins , --- N.C. App. at ----, 783 S.E.2d at 282-83 (internal citations, quotation marks, and brackets omitted).
We have recently emphasized that "remands may be general or limited in scope.... [I]n the context of resentencing remands, a limited remand must convey clearly the intent to limit the scope of the district court's review." Id. at ----, 783 S.E.2d at 283-84 (internal quotation marks *233 and brackets omitted). It is also the case that "the mandate must be construed in the context of the entire opinion and reasoning underlying the remand." Id. at ----, 783 S.E.2d at 285.
Defendant asserts that our remand of the case in Hardy I was a general, as opposed to a limited, remand. However, a plain reading of Hardy I clearly indicates that our remand was limited in nature and only applicable to the length of Defendant's prison sentence and whether or not it should have been at the lower end-as opposed to the middle-of the mitigated range. As we unambiguously stated in Hardy I ,
[b]ecause the amount of restitution was supported by evidence at trial, the trial court's order of restitution was without error. Finally, because we are unable to determine what weight, if any, the trial court gave to the erroneous entry of judgment on felony possession despite the fact that the trial court later arrested that judgment, we must remand for resentencing.
--- N.C. App. at ----, 774 S.E.2d at 421.
Hardy I clearly resolved and foreclosed any reconsideration by the trial court of the restitution award entered against Defendant on remand. Our mandate plainly limited the re-sentencing proceedings to a determination of where in the mitigated range the term of Defendant's prison sentence should fall. Consequently, the trial court did not err in declining to reconsider the restitution award during resentencing. Indeed, had it done so, it would have violated our mandate. As a result, Defendant's argument on this issue is without merit.
Conclusion
For the reasons stated above, Defendant's sentence is affirmed.
AFFIRMED.
Judge ELMORE concurs.
Judge ZACHARY concurs in part and dissents in part in a separate opinion.