**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**JULY 18, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39125-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| DANIEL HERBERT DUNBAR, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Daniel Dunbar appeals from his resentencing conducted

pursuant to *State v. Blake*. He contends the resentencing court mistakenly failed to

consider his rehabilitation and erroneously bound itself to the initial sentencing judge's

ruling. This reviewing court has been unfair to superior courts by failing to specify a

court's obligations at resentencing and failing to publish a decision that announces and

adopts those duties. We now do so. We remand for another resentencing hearing, during

which the superior court should conduct de novo resentencing and during which either

party may submit new evidence and arguments, including rehabilitation or the lack

thereof.

No. 39125-6-III
*State v. Dunbar*

FACTS

This court recounted the facts underlying Daniel Dunbar's 2017 convictions in his initial appeal of those convictions. *State v. Dunbar*, No. 35349-4-III (Wash. Ct. App. May 2, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/353464.pdf. The underlying facts lack relevance to Dunbar's arguments in the instant appeal.

In 2017, a jury convicted Daniel Dunbar on two charges: (1) possession of a stolen motor vehicle and (2) tampering with a witness. Dunbar's criminal history encapsulated forty-one prior offenses, including two earlier convictions for possession of a controlled substance. The 2017 sentencing court calculated Dunbar's offender scores as twenty-six for the stolen motor vehicle conviction and twelve for the witness tampering conviction. The court imposed sixty months of confinement for the two charges. The court ordered that Dunbar's sentences run consecutively with sentences imposed for 2016 convictions.

PROCEDURE

In *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), the Washington Supreme Court held that Washington's then-existing drug possession statute violated the due process clauses of the state and federal constitutions and was void. Because Daniel Dunbar's criminal history included two prior convictions for possession of a controlled substance, the superior court resentenced Dunbar while lowering his offender scores for the two 2017 convictions.

During resentencing, Daniel Dunbar sought a sentence at the low end of the

2

No. 39125-6-III
*State v. Dunbar*

standard range.  He submitted evidence of rehabilitation since the imposition of the 2017

sentence by underlining his participation in a substance abuse and addiction treatment

program.  Dunbar presented five certificates earned through the RU Inside Jail & Prison

Program, including awards for "The Study of Building a Foundation for a Victorious

Life," "Completion of the Overcomer Workbook," and "Completing 26 Challenges in the

Recovery through God's Truth Course."  Clerk's Papers at 86-90.  Dunbar also

completed parenting, public speaking, and anger management classes.

During resentencing, Daniel Dunbar argued that a lower sentence would qualify

him for work release and improve his chances for success on release from custody.

Dunbar highlighted his completion of an advanced degree in Heating, Ventilation, and

Air Conditioning and the promise of two job offers in that field should the court grant

work release.

Viktoria Enright, the victim of Daniel Dunbar's 2017 convictions, submitted a

letter in support of a sentence low in the standard range.  Enright wrote that she forgave

Dunbar for his crimes and that, despite his past mistakes, the resentencing court should

afford him a second chance.  Daniel Dunbar's significant other, Darlene Lockard, spoke

in support of Dunbar.  Lockard declared that Dunbar's work to obtain sobriety and

educate himself had given him the tools to obtain a happy and productive life.

We quote some of the resentencing court's comments at the conclusion of the

resentencing hearing because the comments provide insight into the resentencing court's

3

No. 39125-6-III
*State v. Dunbar*

view of its duties, which views other courts likely share:

> So then what is before this Court is whether I should change the sentence imposed by Judge Clary that Judge Clary sentenced back in 2017. This matter actually went to a jury trial and the jury reached a verdict on— of guilty on Counts I and Count III. Count I being the possession of stolen motor vehicle, Count III being tampering with a witness. . . .
> . . . .
> Mr. Dunbar has provided the Court with information about what he has done since being incarcerated, and the problem is, is that it is basically a look back, and by that, I have regular resentencings that I do where the state's position is, is that the Court cannot take that into consideration and shouldn't take that into consideration.
> What [the prosecuting attorney], on behalf of the state, has argued is that Mr. Dunbar was, or had an offender score of 26, and based upon the vacate of a couple of convictions, his offender score is now a 25, which is frankly huge. It is an offender score that goes—well, it is close to being triple on a nine plus. In addition to that, under the tampering with a witness, his offender score was a 12, it was reduced to an 11. . . .
> Judge Clary sentenced at the high end here, based upon the facts and circumstances at the time of the offense, and ran it concurrent [consecutive] with the cause that I have just referenced. While [*State v. Blake*] may have changed some things, it didn't—the sentencing ranges remain the same. I am looking at the criminal history here, which is quite extensive, going back, as has been outlined by the state, for felonies through 1991, and misdemeanors again, through 1991. It's one of the longest that I've seen, Mr. Dunbar.
> . . . I very much appreciate what it is you have been doing to better yourself because you will be, I shouldn't say relatively young, but still a relatively young individual once you are released from incarceration.
> This is a very long way of saying that I am going to stand by Judge Clary's sentencing in this matter. On Count I, I will sentence at the high end, the 57 months, and on Count III to the 60 months as previously was done. That leaves you, Mr. Dunbar, in the same position you were before.

Report of Proceedings at 18-21.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39125-6-III
*State v. Dunbar*

The resentencing court's imposition of 57 months of confinement on count I and 60 months of confinement on count III matched the original sentence. The resentencing court maintained the consecutive sentence originally imposed by the 2017 court with the 2016 convictions.

LAW AND ANALYSIS

Daniel Dunbar's assignment of error claims the resentencing court committed reversible error by failing to exercise necessary discretion when imposing the new sentence. Dunbar emphasizes the court's declination of considering his rehabilitation and the court's adopting the sentence imposed by the initial sentencing court. We recognize that, contrary to Dunbar's argument, the resentencing court may have exercised independent discretion rather than considering itself bound by the sentencing court. Issuing the same sentence does not necessarily correlate with the second court considering itself precluded from exercising discretion. Nevertheless, the resentencing court's comments could be taken as adopting the sentencing court's judgment without reviewing the relevant facts and considerations anew. Regardless, we conclude that the resentencing court committed reversible error when refusing to entertain Dunbar's request for a lower sentence based on his purported rehabilitation. In fairness to the resentencing court, this court has failed to comprehensively and lucidly announce in a published opinion the rule that resentencing under *State v. Blake*, if not all resentencing, must be conducted de novo.

5

No. 39125-6-III
*State v. Dunbar*

Daniel Dunbar's assignment of error implicates the role played by a resentencing court. We must decide if resentencing is limited to those arguments previously raised before the superior court or whether, conversely, the resentencing court may hear new evidence and entertain new arguments by the parties. We also resolve whether the resentencing court should sentence based on its view of how the initial sentencing judge would have ruled.

In *State v. Edwards*, 23 Wn. App. 2d 118, 514 P.3d 692 (2022), this court addressed resentencing under *State v. Blake*, when the resentencing court must reduce the offender score of the accused because of earlier convictions for possession of a controlled substance. We wrote:

> We remand for resentencing pursuant to *Blake*. Resentencing shall be de novo, with the parties free to advance any and all factual and legal arguments regarding Mr. Edwards's offender score and sentencing range.

*State v. Edwards*, 23 Wn. App. 2d 118, 122 (2022). Division One of this court employed identical language with regard to *Blake* resentencing in an unpublished decision. *In re Personal Restraint of Cratty*, No. 83670-6-I (Wash. Ct. App. Oct. 24, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/836706.pdf. In none of the decisions did this court elucidate why it deemed de novo sentencing appropriate. This court followed *State v. Edwards* in *State v. Vasquez*, No. 38471-3-III (Wash. Ct. App. May 2, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/384713.pdf, in a comprehensive decision, but did not publish.

6

No. 39125-6-III
*State v. Dunbar*

We hold that, unless the reviewing court restricts resentencing to narrow issues, any resentencing should be de novo. During the resentencing, the resentencing judge may consider rulings by another judge during the sentencing of the offender, but the resentencing judge should exercise independent discretion. In this context we employ the terms "resentencing court" or "resentencing judge" regardless of the number of resentencings.

Generally, the law wishes to prevent relitigation of an issue after the party enjoyed a full and fair opportunity to litigate the question. *State v. Harrison*, 148 Wn.2d 550, 561, 61 P.3d 1104 (2003). But in criminal cases, the court does not wish to strictly apply this principle. *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970); *State v. Harrison*, 148 Wn.2d 550, 561 (2003). In the interest of truth and fair sentencing, a court on a sentence remand should be able to take new matters into account on behalf of either the government or the defendant. *United States v. Kinder*, 980 F.2d 961 (5th Cir. 1992).

Remarkably, no court rule or statute addresses the extent of resentencing in Washington, other states, or in the federal system. Nevertheless, most jurisdictions have assembled a body of law concerning the arguments that a party may raise on resentencing. Washington decisions have yet to thoroughly address the extent of resentencing. Therefore, we also review foreign decisions.

No. 39125-6-III
*State v. Dunbar*

The resentencing court is not bound by collateral estoppel when the original sentence is no longer a final judgment on the merits. *State v. Brown*, 193 Wn.2d 280, 284-88, 440 P.3d 962 (2019); *State v. Harrison*, 148 Wn.2d 550, 561 (2003). Also, the law of the case doctrine applies only when an earlier sentencing court decided the merits of the question. *State v. Harrison*, 148 Wn.2d 550, 562 (2003). Neither a sentencing court nor this reviewing court has earlier addressed the merits of Daniel Dunbar's request for a reduced sentence because of rehabilitation.

When a reviewing court reverses or vacates a sentence, resentencing is de novo in nature. *Bruce v. State*, 311 So. 3d 51, 53 (Fla. Dist. Ct. App. 2021); *State v. D.H.*, 2019-Ohio-1017, 133 N.E.3d 922, 928 (Ct. App.); *State v. Hardy*, 250 N.C. App. 225, 792 S.E.2d 564, 567 (2016). Resentencing must proceed as an entirely new proceeding when all issues bearing on the proper sentence must be considered de novo and the defendant is entitled to the full array of due process rights. *Bruce v. State*, 311 So. 3d 51, 53-54 (Fla. Dist. Ct. App. 2021).

In *Bruce v. State*, the State contended, on appeal from resentencing, that defense counsel stipulated to the offender being a prison releasee reoffender. The Florida Court of Appeals returned the case to the trial court for resentencing anyway because the trial court had failed to verify the offender's consent to the stipulation.

In *Betty v. State*, 233 So. 3d 1149 (Fla. Dist. Ct. App. 2017), Ricarlo Betty, on resentencing, asked the court to consider his youth. The resentencing judge refused to

No. 39125-6-III
*State v. Dunbar*

conduct de novo resentencing because it believed the original sentencing judge would not

have sentenced Betty as a youthful offender. The Court of Appeals remanded for de

novo resentencing.

If the Court of Appeals mandate limits the questions for resolution by the

resentencing court, the resentencing court must limit its review. *United States v.*

*Cannady*, 63 F.4th 259 (4th Cir. 2023); *State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393

(2009). Nevertheless, the remand must clearly convey the intent to limit the scope of

resentencing. *State v. Hardy*, 792 S.E.2d 564, 569 (2016). By ordering resentencing

without any specific instructions or any prohibitions, the reviewing court returns the case

to the trial court to consider every aspect of the offender's sentences de novo. *State v.*

*Morrisey*, 2022-Ohio-3519, 198 N.E.3d 554, 561 (Ct. App.); *People v. Lampe*, 327 Mich.

App. 104, 933 N.W.2d 314, 323 (2019). Without a limitation, the resentencing court

should consider sentencing de novo and entertain any relevant evidence that it could have

heard at the first sentencing. *United States v. Cannady*, 63 F.4th 259 (4th Cir. 2023);

*United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *United States v. Smith*, 116

F.3d 857 (10th Cir. 1997); *United States v. Atehortva*, 69 F.3d 679 (2d Cir. 1995); *United*

*States v. Ponce*, 51 F.3d 820 (9th Cir. 1995); *United States v. Bell*, 5 F.3d 64, 67 (4th Cir.

1993); *United States v. Cornelius*, 968 F.2d 703 (8th Cir. 1992); *State v. Hardy*, 792

S.E.2d 564, 567 (2016); *United States v. Stinson*, 97 F.3d 466, 468-69 (11th Cir. 1996).

No. 39125-6-III
*State v. Dunbar*

A resentencing remand order carries a presumption of de novo resentencing. *United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003).

Three federal Circuit Courts of Appeals reject the majority view of a presumption of de novo resentencing. *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998); *United States v. Whren*, 111 F.3d 956 (D.C. Cir. 1997); *United States v. Parker*, 101 F.3d 527 (7th Cir. 1996). This view criticizes the majority approach as allowing an offender a second bite of the proverbial pear. *United States v. Whren*, 111 F.3d 956 (D.C. Cir. 1997). This criticism, however, should be panned since de novo resentencing works both ways. The State also gets a second opportunity to present evidence and argument not earlier forwarded.

Although the United States Supreme Court has not held that resentencing is de novo in total, the court held that, when a reviewing court reverses and remands for resentencing, the district court may consider evidence of rehabilitation since the earlier sentencing. *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011). The Supreme Court noted the policy behind sentencing of treating each offender as a unique individual, whose human failings and improvements sometimes mitigate and sometimes magnify the crime and punishment to ensue.

This Washington court also wishes to promote rehabilitation by rewarding it on resentencing. Evidence of rehabilitation relates to the legislature's explicit provision that

10

No. 39125-6-III
*State v. Dunbar*

a sentence should "[o]ffer the offender an opportunity to improve himself or herself."

RCW 9.94A.010(5).

In *State v. Delbosque*, 195 Wn.2d 106, 456 P.3d 806 (2020), the Washington

Supreme Court held that resentencing courts must consider the measure of rehabilitation

that has occurred since a youth was originally sentenced to life without parole when

resentencing pursuant to Washington's *Miller*-fix statute. *Miller v. Alabama*, 567 U.S.

460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012). *State v. Delbosque* concerns other

circumstances, but still evidences a policy of rewarding rehabilitation.

The State cites RCW 9.94A.340, which declares:

> The sentencing guidelines and prosecuting standards apply equally
> to offenders in all parts of the state, without discrimination as to any
> element that does not relate to the crime or the previous record of the
> defendant.

The State argues that rehabilitation does not relate to Daniel Dunbar's crime or prior

record. The Washington Supreme Court, in *State v. Law*, 154 Wn.2d 85, 92-104, 110

P.3d 717 (2005), cited RCW 9.94A.340 to partly justify a prohibition on consideration of

personal factors to depart from a standard range sentence. The dissent in *Law* wrote that

the statute should be read more narrowly to relate to *discrimination* based on race, sex,

economic status, education, or family history. *State v. Law*, 154 Wn.2d 85, 109-18

(2005) (Sanders, J., dissenting). Our review of other caselaw interpreting

RCW 9.94A.340 reveals no rhyme or reason for applying RCW 9.94A.340 beyond *Law*'s

11

No. 39125-6-III
*State v. Dunbar*

holding. We decline to extend the ambiguous statute to prohibit consideration of rehabilitation on resentencing.

The State additionally argues that permitting resentencing courts to revise sentences for offenders who undergo *Blake* resentencing, without any allowance for offenders without simple drug possession convictions to request analogous reconsideration, reveals fundamental inequity in Daniel Dunbar's proposed rule. We agree that the Sentencing Reform Act of 1981, chapter 9.94A RCW, seeks sentences that are "commensurate with the punishment imposed on others committing similar offenses." RCW 9.94A.010(3). We acknowledge that not all offenders who might demonstrate compelling evidence of rehabilitation are granted resentencings. We agree with the State of this inequity. But the remedy for this unfairness does not lie in rejecting consideration of rehabilitation on resentencing.

On remand, the sentencing court should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo. *United States v. Crooked Arm*, 853 F.3d 1065, 1069 (9th Cir. 2017). The offender, on resentencing, may even raise an argument which the appeals court ruled waived in the initial appeal. *United States v. Caterino*, 29 F.3d 1390, 1395-96 (9th Cir. 1994), *overruled on other grounds by Witte v. United States*, 515 U.S. 389, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995).

12

No. 39125-6-III
*State v. Dunbar*

During resentencing, the trial court may impose the identical sentence or a greater or lesser sentence within its discretion. *State v. D.H.*, 2019-Ohio-1017, 133 N.E.3d 922, 928. The resentencing judge may not rely on a previous court's sentence determination and fail to conduct its own independent review. *State v. Hardy*, 792 S.E.2d 564, 567 (N.C.C.A. 2016). Otherwise, the offender is deprived of de novo review. *State v. Hardy*, 792 S.E.2d 564, 567 (2016).

Daniel Dunbar's resentencing court did not review resentencing based on any mandate from this court, but rather on a motion to resentence under *State v. Blake*. Although the motion did not expressly ask for de novo resentencing and the motion asked for resentencing under *Blake*, the motion did not expressly limit its scope. Therefore, we apply the presumption of de novo resentencing.

Daniel Dunbar also argues that the resentencing court failed to exercise discretion when ordering a consecutive sentence under RCW 9.94A.589(3) when the court lacked independent knowledge about why the 2017 sentencing court imposed a consecutive sentence. In turn, without cross-appealing, the State argues that both the original sentencing court and the resentencing court underestimated Daniel Dunbar's offender scores. During resentencing, both parties may forward those arguments.

13

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39125-6-III
*State v. Dunbar*

CONCLUSION

We remand for another resentencing, during which the superior court should consider new evidence and arguments of the parties, including evidence of Daniel Dunbar's rehabilitation. The resentencing shall be de novo.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.

14