IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>  v.<br><br>JOSEPH LEWIS JONES,<br><br>     Appellant. | No. 87163-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Our Supreme Court granted Joseph Lewis Jones's Personal Restraint Petition (PRP) in part after the State conceded the facial invalidity of two conditions. At the subsequent hearing, the trial court adopted the State's proposed revisions to those conditions, over Jones's objections. Jones now argues, in pertinent part, that the conditions are unconstitutional because they are not narrowly tailored. We agree and remand for the trial court to reconsider the conditions consistent with the guidance in this opinion.

I.  BACKGROUND

In 2010, a jury convicted Jones of rape of a child in the first degree. The court sentenced Jones to 100 months' confinement and community custody upon Jones's release from prison, with various conditions. Jones appealed his conviction, which this court affirmed. He subsequently filed two PRPs, which this

court dismissed in 2014 and 2016. In 2019, Jones was released from prison.

In July 2022, Jones filed another PRP, this time arguing inter alia that some of his conditions of community custody were facially invalid. The State conceded that conditions 13, 15, 22, and 23 were facially invalid, and proposed revisions for each condition. Our Supreme Court granted the PRP in part based on the State's concessions and remanded the matter to the trial court to "make necessary corrections."

The trial court adopted the revisions that the State proposed. Specifically, conditions 22 and 23 were modified as follows (where strike-through text represents deletions and underlined text are additions):

> 22. Do not ~~purchase, possess, or use~~ consume alcohol (beverage or medicinal), and submit to testing and reasonable searches of your person, residence, property and vehicle by the Community Corrections Officer [(CCO)] to monitor compliance.

> 23. Do not use or access the ~~Internet~~ World Wide Web, including email, ~~without the prior approval of your~~ except as specifically authorized by the supervising [CCO] ~~and sex offender treatment provider~~ through approved filters. The CCO is permitted to monitor the filters for compliance with this condition.

Jones now challenges the constitutionality of the revised conditions 22 and 23.[1]

---

[1] In his pro se statement of additional grounds (SAG), Jones challenges the same conditions challenged in his Appellant's brief. Arguments adequately addressed in an opening brief are not proper for an SAG. See RAP 10.10(a); State v. Jackson, 129 Wn. App. 95, 98 n. 6, 117 P.3d 1182 (2005). He also challenges a "business frequency rule" and "travel restrictions" but does not clarify which additional community custody conditions he is referring to. We are not required to address a claim that is "too vague to allow us to identify the issue." State v. Bluehorse, 159 Wn. App. 410, 436, 248 P.3d 537 (2011). To the extent that Jones cites authority supporting his claims, he does not explain how the authority supports his arguments. "It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." Port Susan Chapel of the Woods v. Port Susan Camping Club, 50 Wn.

## II.    ANALYSIS

As a preliminary matter, the State asserts that Jones's challenge would have required the trial court to exceed the scope of the mandate from our Supreme Court.  The State claims that our Supreme Court's mandate required the trial court to mechanically correct the conditions to match the revisions the State proposed.  We disagree.

Our Supreme Court remanded for the trial court to make necessary corrections "based on the State's concession," meaning the remand was necessary because the State conceded facial invalidity.  Nothing in the order indicates that our Supreme Court "found that the State's proposed language . . . adequately mended any constitutional invalidity."

Our Supreme Court did not "clearly convey the intent to limit the scope" of review, and so the trial court had the discretion to consider whether the conditions violated Jones's constitutional rights.  State v. Dunbar, 27 Wn. App. 2d 238, 246, 532 P.3d 652 (2023) (citing State v. Hardy, 250 N.C. App. 225, 792, S.E.2d 564, 569 (2012)).

That said, the State is correct that, pursuant to RCW 10.73.100, the argument that the conditions are not crime-related is time-barred, if not also waived.  We therefore exercise our discretion under RAP 2.5 to review only whether each condition is valid on its face.  In re the Pers. Restraint of Williams, 200 Wn.2d 622, 632, 520 P.3d 933 (2022).[2]  Jones argues that both conditions

---

App. 176, 188, 746 P.2d 816 (1987).  We therefore do not address the arguments raised in the SAG.

[2] More specifically, the State claims that Jones's arguments are waived because

violate his constitutional rights. We review constitutional questions de novo. State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019).

A.    Condition 22

Jones argues that condition 22—which states, "Do not consume alcohol (beverage or medicinal), and submit to testing and reasonable searches of your person, residence, property and vehicle by the [CCO] to monitor compliance"—violates his right to privacy and is not narrowly tailored. We remand so that the trial court may clarify the scope of the "reasonable searches."

Our state constitution provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7. It is well established that probationers have a more reduced expectation of privacy than ordinary citizens because they are "persons whom a court has sentenced to confinement, but who are serving their time outside the prison walls." State v. Olsen, 189 Wn.2d 118, 124-25, 399 P.3d 1141 (2017). But probationers still retain their constitutional rights and "thus some authority of law must still justify the intrusion into their reduced expectation of privacy." Id. at 126. A balancing test—whether a compelling interest, achieved through narrowly tailored means, supports the intrusion into a probationer's reduced privacy interests—is appropriate to evaluate the constitutionality of the conditions. Id. at 127-28.

he did not raise these challenges before the trial court. Jones challenged the constitutionality of condition 23 both in his memorandum to the trial court, CP 51-52, and at the hearing before the trial court, RP 9-11. In his brief, he argues that condition 22 is unconstitutional "[o]n its face" and therefore a manifest constitutional error. We therefore exercise our discretion under RAP 2.5(a) to consider both constitutional claims, which the State does not challenge on the merits.

The State has a compelling interest in monitoring compliance with valid community custody conditions. State v. Nelson, 4 Wn.3d 482, 506-07, 565 P.3d 906 (2025). Testing for alcohol consumption is "narrowly tailored" to achieve this compelling interest. Id. at 509.

For a search of an offender's person, residence, property, or vehicle, the CCO "must have 'reasonable cause to believe' a probation violation has occurred before conducting a search at the expense of the individual's privacy." State v. Cornwell, 190 Wn.2d 296, 304, 412 P.3d 1265 (2018) (quoting RCW 9.94A.631(1)). And the CCO should limit to the search "to the extent necessary for the State to monitor compliance with the particular probation condition that gave rise to the search." Id. A CCO may not use a probation search as "'a fishing expedition to discover evidence of other crimes, past or present.'" Id. (quoting Olsen, 189 Wn.2d at 134).

The trial court at Jones's sentencing had discretion to order that the offender "refrain from consuming alcohol," even if the offense was unrelated to alcohol. Former RCW 9.94A.703(3)(e) (2009).[3] Id. The State therefore has a compelling interest in monitoring compliance by verifying that Jones is not consuming alcohol. Nelson, 4 Wn.3d at 506–07; But the means of monitoring compliance must be narrowly tailored to safeguard Jones's right to privacy. Olsen, 189 Wn.2d at 127-28.

Jones's privacy should be safeguarded by requiring: (1) the CCO have

---

[3] In 2015, the legislature amended RCW 9.94A.703 and the relevant statute now permits the trial court to order an offender to refrain from both "possessing and consuming alcohol." S.B. 5104, 64th Leg., Reg. Sess. (Wash. 2015).

"reasonable cause to believe" a violation occurred before conducting a search and (2) the parolee's privacy is diminished only to the extent necessary for the State to monitor the parolee's compliance. Cornwell, 190 Wn.2d at 304 (citing RCW 9.94A.631(1)). The current condition fails to meet either prong.

Although the condition states that the CCO may conduct "reasonable searches," it is not clear that any search must be triggered by "reasonable cause to believe" that Jones has consumed alcohol. Cornwell, 190 Wn.2d at 304. The condition also does not state that the searches are limited to the extent necessary to monitor compliance. Id. Any search of Jones's person, home, vehicle, or property should be limited to ensure that Jones has not consumed alcohol. Id.

For these reasons, we remand this condition of community custody for the trial court to add the requirement that his CCO must have reasonable suspicion of a probation violation, and to make clear that the search will only be conducted to the extent necessary "for the [CCO] to monitor compliance with the particular probation condition that gave rise to the search." Cornwell, 190 Wn.2d at 304.

B.      Condition 23

Jones argues that condition 23 violates both his First Amendment rights and WASH. CONST. art. I, § 5. The revised condition 23 reads, "Do not use or access the World Wide Web, including email, except as specifically authorized by the supervising CCO through approved filters. The CCO is permitted to monitor the filters for compliance with this condition." We agree that the condition is unconstitutionally vague and remand for the trial court to clarify so that the approved filters are "narrowly tailored to the dangers posed by the specific

defendant." State v. Johnson, 197 Wn.2d 740, 745, 487 P.3d 893 (2021).

"Restrictions on Internet access have both due process and First Amendment implications." Johnson, 197 Wn.2d at 744. The United States Supreme Court has emphasized the importance of internet access, noting that "to foreclose access to social media altogether is to prevent the user from engaging in the legitimate exercise of First Amendment rights." Packingham v. North Carolina, 582 U.S. 98, 108, 137 S. Ct. 1730 (2017) (citing State v. Padilla, 190 Wn.2d 672, 678, 416 P.3d 712 (2018)).

But "the First Amendment permits a State to enact specific, narrowly tailored laws that prohibit a sex offender from engaging in conduct that often presages a sexual crime, like contacting a minor or using a website to gather information about a minor." Id. at 107.

A community custody condition is unconstitutionally vague if "it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." Padilla, 190 Wn.2d at 677. A community custody condition which implicates material protected under the First Amendment is held to a stricter standard of definiteness to prevent a chilling effect on the exercise of those rights. State v. Bahl, 164 Wn.2d 739, 753, 193 P.3d 678 (2008).

Courts have held that community custody conditions which require further definition by a CCO are unconstitutionally vague. Padilla, 190 Wn.2d at 682; State v. Reedy, 26 Wn. App. 2d 379, 395, 527 P.3d 156 (2023). In Bahl, the condition prohibiting access or possession of pornographic materials "as directed by the supervising Community Corrections Officer," did not adequately protect against

7

arbitrary enforcement. Bahl, 164 Wn.2d at 754. The CCO's discretion to determine the extent of the condition "only makes the vagueness problem more apparent, since it virtually acknowledges that on its face it does not provide ascertainable standards for enforcement." Id. at 758.

Condition 23 does not provide enforcement guidance to the CCO regarding the use of which filters are appropriate and thus does not protect against arbitrary enforcement. It is unclear which websites or categories of websites the CCO should prohibit Jones from viewing, and the condition places no limitation on the CCO's discretion. It is also unclear what happens if there is a disagreement with the CCO about which websites or filters are appropriate. Without more clarity, the condition infringes on Jones's first amendment rights and is unconstitutionally vague. See Reedy, 26 Wn. App. 2d at 395.

In Johnson, our Supreme Court upheld a similar condition limiting internet access through "filters approved by his community custody officer." 197 Wn.2d at 742. The filters must be "narrowly tailored to the dangers posed by the specific defendant." Id. at 745. The court held that the condition should be read "in a commonsense fashion in the context of the judgment and sentence, and related documents that will be available to [the offender]'s future community corrections officer" and found such documents offered "sufficient benchmarks to prevent arbitrary enforcement." Id. at 748.

The State does not argue that similar documents will be available to Jones's CCO, and we find no such guidance for Jones's CCO in the record before us.[4]

---

[4] The State argues there is insufficient information in the record for the court to

Therefore, we remand for the court to clarify which websites or categories of websites the CCO should prohibit Jones from viewing, which filters the CCO will impose, and any other appropriate limitations or guidance on the CCO's discretion.

### III. CONCLUSION

We remand this matter for the trial court to modify the custody conditions consistent with this opinion.

Díaz, J.

WE CONCUR:

Birk, J.          Chung, J.

---

determine whether the internet was related to Jones's crime. A complete record of proceedings and clerk's papers from Jones's trial is not before us, but the record is sufficient for this court to address the unconstitutional lack of narrow tailoring.